IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-183-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. COMMUNICATIONS SUPPLY CORPORATION, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER** |
| COMMAND COMMUNICATIONS, LLC, | ) ) | |
| Defendant. | ) | |

On March 21, 2013, Communications Supply Corporation ("Communications Supply") properly served Command Communications, LLC ("Command") with a copy of the summons and complaint. See [D.E. 17] ¶ 3, Ex. A. Command failed to plead or otherwise respond. On June 28, 2013, the court entered default against Command [D.E. 23]. On July 3, 2013, Communications Supply filed a motion for default judgment against Command and a supporting affidavit. See [D.E. 26, 28].

Communications Supply's claims against Command arise from Command's failure to pay a sum certain due to Communication Supply under a construction contract. The sum certain of $19,341.84, plus reasonable attorney's fees, was due and owing when Communication Supply filed this action. See [D.E. 26] ¶ 2.

Command is liable to Communication Supply for breach of contract and a lien upon construction project funds. See id. ¶ 3. Command's refusal to pay the outstanding balance due under the contract constitutes a material breach of its contract and under the lien on funds. See id.

Additionally, Command engaged in unfair and deceptive trade practices. See N.C. Gen. Stat. §§ 75-1.1, et seq. Specifically, Command falsely told the general contractor that it had paid Communication Supply for its work and that it owed Communication Supply nothing. See [D.E. 26] ¶ 8. Command's conduct was unfair and deceptive and violated North Carolina law. Command's acts were in commerce in the State of North Carolina.

On June 21, 2013, Walbridge Company partially paid Communications Supply $7,500.00 for its work on the construction project. See id. ¶ 13. Therefore, after deducting the payment from Walbridge, the principal sum certain that Command owes Communications Supply is $11,841.84. Communications Supply's damages must be trebled, making the reasonably calculable sum certain due and owing $35,525.52. See N.C. Gen. Stat. § 75-16. Communications Supply also is entitled to reasonable attorney's fees in the amount of $4,095.00. [D.E. 28] ¶ 11; see N.C. Gen. Stat. §§ 44A-35, 75-16.1.

The contract between Command and Communications Supply specified interest at 18% per annum on any past-due unpaid balances. See [D.E. 26] ¶ 16. Thus, Command is liable to Communications Supply for interest in the amount of $4,152.84, which represents simple interest at 18% per annum from and after the date of breach, May 15, 2012, through June 21, 2013, on the full principal balance of $19,341.84, together with interest at 18% per annum on the remaining balance of $11,841.84 from on and after June 21, 2013. Communications Supply also is entitled to post-judgment interest in accordance with the law.

A sum certain is reasonably calculable in this matter. The sum certain is $43,773.36. This figure represents the remaining principal balance of $11,841.84 trebled to $35,525.52, plus attorney's fees of $4,095.00 and interest of $4,152.84.

2

In sum, Communication Supply's motion for default judgment [D.E. 26] is GRANTED. Communication Supply shall recover judgment against Command in the amount of $43,773.36. Communication Supply also shall recover post-judgment interest in accordance with law beginning from the date of this judgment until paid. The costs of this action are taxed against Command.

SO ORDERED. This 18 day of August 2013.

JAMES C. DEVER III
Chief United States District Judge